UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLIE A. MCCROY and SHEILA
D. CRAIG,

    Plaintiffs,

vs.                                                      Case No. 08-12701

                                                         HON. AVERN COHN

NEW YORK BANK AND TRUST COMPANY,
JP MORGAN CHASE, RESIDENTIAL
FUNDING CORPORATION,

    Defendants.
_____/

## **ORDER OF DISMISSAL**

I.

Plaintiffs Charlie A. McCroy and Sheila D. Craig, proceeding pro se, filed a complaint naming New York Bank and Trust Company, JP Morgan Chase, and Residential Funding Corporation as defendants. Plaintiffs have been granted permission to proceed without payment of the filing fee.

For the reasons which follow, the Court shall dismiss the case as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

II.

The screening procedures established by § 1915 apply to cases filed by non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a case at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune

from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

III.

The Court has read plaintiffs' complaint. From what can be gleaned, plaintiffs owned property in Wayne County. At some point, the property went into foreclosure and was the subject of a foreclosure action in the 36th District Court, case no. 08-315607. Plaintiffs appear to complain that there were defects in the foreclosure proceeding. Plaintiffs cite various sections of the Uniform Commercial Code to which they allege New York Bank and Trust Company failed to comply. Plaintiffs also say defendants engaged in fraud, extortion, racketeering, and conspiracy. They seek to quiet title to the property as well as damages in the amount of $9,999,999.99 per defendant.

Although it appears that plaintiffs are attempting to invoke the Court's federal question jurisdiction, by reference to federal criminal statutes. They may also be attempting to invoke diversity jurisdiction; however, they do not set forth the citizenship of each defendant. Putting aside whether reliance on those criminal statutes is sufficient to establish federal jurisdiction in a civil action or whether diversity of citizenship exists, this case is barred by the Rooker-Feldman doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir. 1996).

2

Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476.

Here, the issues raised in the complaint are inextricably intertwined with the state court action such that plaintiffs are effectively asking this Court to invalidate the state court foreclosure judgment. The Rooker-Feldman doctrine is, therefore, directly applicable. Plaintiffs are asking this Court to enter an order that will effectively render the final judgment entered by the state court null and void. Plaintiff's complaint is, therefore, subject to dismissal for lack of subject matter jurisdiction and fails to state a claim upon which relief may be granted.

The Court notes that its finding on the Rooker-Feldman doctrine does not necessarily leave plaintiffs without a remedy. Any relief plaintiffs seek, however, must come from the court that entered the underlying judgment.

Accordingly, this case is DISMISSED.

SO ORDERED.


Dated: July 7, 2008         s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to Charlie D. McCroy and Sheila D. Craig, 20021 Fleming, Detroit, MI 48234 and the attorneys of record on this date, July 7, 2008, by electronic and/or ordinary mail.

                            s/Julie Owens
                            Case Manager, (313) 234-5160